UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND CHRISTIAN FOSS,

    Petitioner,

-vs-                                            Case No. 6:10-cv-445-Orl-28DAB

NINTH JUDICIAL CIRCUIT COURT
OF FLORIDA, et al.,

    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 11). Petitioner filed a reply to the response (Doc. No. 28).

Petitioner alleges two claims for relief in his habeas petition: 1) the state courts have denied him his right to a prompt and final disposition of his untried criminal charges under the Interstate Agreement on Detainers Act (the "IADA") ; and 2) the state courts have denied him his right to a speedy trial.

I.  *The IADA*

The IADA "is a compact entered into by 48 States, the United States, and the District of Columbia to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). As further discussed by the Supreme Court in *Hill*,

> A State seeking to bring charges against a prisoner in another State's custody begins the process by filing a detainer, which is a request by the State's criminal justice agency that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent. *Fex v. Michigan*, 507 U.S. 43, 44, 113 S. Ct. 1085, 122 L.Ed.2d 406 (1993). After a detainer has been lodged against him, a prisoner may file a "request for a final disposition to be made of the indictment, information, or complaint." Art. III(a).

*Id.* at 112. Article III of the IADA provides a procedure whereby a prisoner subject to a detainer from another state may request to be returned to that state to face the charges levied against him. In particular,

> a prisoner in the incarcerating State may demand the speedy disposition of "any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner" by the detainer-issuing State. If the prisoner makes such a request, the warden must forward it with a certificate documenting the prisoner's terms of confinement to the prosecuting official and court of the detainer-issuing State. The authorities in the detainer-issuing State must then bring the prisoner to trial within 180 days, absent good cause shown, or the court must dismiss the indictment, information, or complaint with prejudice, nullifying the detainer's effect on the prisoner.

*Prater v. Crews*, 2011 WL 451965, at *2 (W.D. Va. February 2, 2011).

Standard forms have been adopted by all signatories to the IADA, and the forms for use in an Article III request for final disposition include the following: Form I--"Notice of

Untried Indictment, Information or Complaint and of Right to Request Disposition"; Form II--"Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictment, Informations, or Complaints"[1]; Form III--"Certificate of Inmate Status"; and Form IV--"Offer to Deliver Temporary Custody." *See Miller v. New Jersey Dept. of Corrections*, 2009 WL 482379, at *11-12 (D.N.J. February 25, 2009).

## II. Procedural History

Petitioner was charged by information with lewd or lascivious conduct (count one) and use of a child in a sexual performance (count two). Petitioner was arrested on April 25, 2004, and he posted a surety bond that same day. On May 25, 2004, he was arraigned on the charges, received a copy of the information, and entered a plea of not guilty. After several defense continuances, on January 18, 2005, Petitioner failed to appear for trial and a capias was issued for his arrest.

It appears that Petitioner was arrested in January, 2005, in South Carolina based on pending criminal charges in California. Petitioner was later taken to California, where he was convicted of various acts of sexual misconduct involving the same victim as in the Florida case and sentenced to a term of imprisonment. Since his conviction, Petitioner has been incarcerated at the Mule Creek State Prison ("Mule Creek") in California.

On April 20, 2006, Petitioner 1) received an Inmate Notification of Detainer Receipt and Form I, and 2) executed Form II, requesting disposition of the State of Florida case.

---

[1] Form II is to be addressed to the prosecutor in the jurisdiction where a charge is pending and signed and dated by the inmate.

On July 14, 2006, a stipulation between Petitioner and the Ninth Judicial Circuit State Attorney's Office was filed with the Ninth Judicial Circuit Court, which rescinded his request for disposition of the information, as referenced by his signature on Form II, and waived his right to a speedy trial.

On April 11, 2007, Petitioner signed another Form II in which he again requested final disposition of the State of Florida case. However, after signing the second Form II, Petitioner noticed that the detainer was not supported by the requisite indictment, information, or complaint. Although Petitioner was provided with new IADA forms, he refused to sign them because they still failed to show that the detainer was supported by an indictment, information, or complaint.

Petitioner then pursued administrative remedies within the prison system alleging that he was entitled to obtain appropriate IADA documents so that he could pursue a final disposition of the detainer.

On March 12, 2008, the Orange County's Sheriff's Office ("OCSO") sent a letter to Mule Creek, requesting that Mule Creek "release our detainer against the defendant in our behalf as to this case." *See* Appendix P. On April 7, 2008, the Mule Creek Records Manager sent a letter to the OCSO, *see* Appendix O, stating that "[y]our Hold has been cancelled at your request."

Petitioner next filed a motion to dismiss and a renewed motion to dismiss his case with the state trial court, which were denied. Afterwards, he filed a petition for writ of prohibition with the state appellate court, requesting that the trial court be directed to

4

dismiss his case. The state appellate court denied the petition.[2]

Petitioner next filed another motion to dismiss with the state trial court, which was denied. Petitioner then filed an Inmate Demand for Prompt Disposition of Untried Charges Pursuant to the IADA with the state trial court, which was denied. Petitioner also filed a petition for writ of prohibition with the Supreme Court of Florida, which was dismissed for lack of jurisdiction.

### III. Analysis

In the present case, Petitioner alleges that the state courts have 1) denied him his right to a prompt and final disposition of the untried criminal charges pending against him under the IADA (claim one), and 2) denied him his right to a speedy trial.

As reflected in the letters discussed above between the OCSO and Mule Creek, it is clear, and Petitioner does not dispute, that the State of Florida cancelled the detainer in question. Accordingly, based on the petition before the Court, Petitioner has failed to set forth a justiciable controversy.[3]

In addition, section 2254(a) restricts the granting of the writ of habeas corpus to only those petitioners who are "in custody in violation of the Constitution or laws of the United States." "The presence of the detainer is crucial because it represents a present claim of

---

[2]Petitioner refiled the petition with the state appellate court, and it was dismissed as duplicative.

[3]"Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies, [and,] therefore, a case becomes moot when there is no viable legal issue left to resolve." *Smithhart v. Gutierrez*, 2007 WL 2897942, at *5 (N.D. W.Va. October 2, 2007).

jurisdiction over (the) person and the right to subject him to its orders and supervision in the future." *Dodd v. U.S. Marshal*, 439 F.2d 774, 775 (2d Cir. 1971) (citation omitted) (quotation omitted). In the present case, inasmuch as there is no detainer presently lodged against Petitioner by the State of Florida, Petitioner is not "in custody" of the State of Florida, and, therefore, the Court is without jurisdiction to consider this petition.

Moreover, "IAD[A] violations are not cognizable in habeas proceedings absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process." *Remeta v. Singletary*, 85 F.3d 513, 519 (11th Cir. 1996). In the present case, Petitioner has failed to allege or demonstrate any prejudice from the alleged IADA violations, and, therefore, his claims are not cognizable under section 2254. As such, the instant petition is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Raymond Christian Foss is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[4] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 19 day of May, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 5/13
Counsel of Record
Raymond Christian Foss

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.